*[handwritten: FOR CLERK COPY]*

LS-Petroleum-Downey-v-US-Governors-Complaint.docx & .pdf

| | |
|---|---|
| **UNITED STATES D**<br>**DISTRICT OF** | Case: 1:26-cv-01891   JURY DEMAND<br>Assigned To : Moss, Randolph D.<br>Assign. Date : 6/1/2026<br>Description: TRO/Prel. Inj. (D-DECK) |

## COMPLAINT

**MARK DOWNEY,**
    **pro se, Plaintiff,**

**v.**

**U.S. (50) STATE GOVERNORS**
    **U.S. (5) TERRITORY GOVERNORS,**
    **et al.,**
    **Defendants**

Case No.: _____

# U.S.-NATIONWIDE
# MORATORIUM-SUSPENSION TAX
# ALL GASOLINE-PETROLEUM PRODUCTS
# ALL (50) STATES & U.S. (5) TERRITORIES
# (Joint & Several Liability)

**RECEIVED**

JUN 0 1 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# I. INTRODUCTION

1. Plaintiff Mark Downey, appearing *pro se*, brings this civil action seeking urgent declaratory, injunctive, and mandamus relief to mitigate catastrophic economic devastation resulting from the 2026 Iran Petroleum Crisis.

2. This action addresses the unprecedented disruption of the global oil supply through the Strait of Hormuz, which has triggered severe domestic hyperinflation, paralyzed interstate commerce, and caused direct, particularized financial injury to the Plaintiff and all similarly situated U.S. citizens.

3. Plaintiff seeks a court-ordered, temporary nationwide moratorium on all federal and state gasoline, diesel, and jet fuel taxes, alongside the implementation of an emergency Windfall Profits Tax on the named corporate petroleum defendants, to be reallocated directly to United States citizens via an IRS-administered relief framework.

# II. JURISDICTION AND VENUE

4. This Court possesses subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction), as the claims asserted herein arise directly under Article I, Section 8 (The Commerce Clause) and Article VI, Clause 2 (The Supremacy Clause) of the United States Constitution, the Administrative Procedure Act (5 U.S.C. § 702), and the Sherman Antitrust Act (15 U.S.C. § 1).

5. This Court further possesses jurisdiction to grant extraordinary relief under 28 U.S.C. § 1361 (Action to Compel an Officer of the United States to Perform His Duty/Mandamus), 28 U.S.C. § 1651 (The All Writs Act), and 28 U.S.C. §§ 2201–2202 (The Declaratory Judgment Act).

6. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) because the Defendant Internal Revenue Service and key federal policymaking entities are headquartered within this district, and a substantial part of the regulatory omissions giving rise to these claims occurred here. Centralizing this action in Washington, D.C. ensures judicial efficiency and guards against conflicting nationwide rulings.

## III. THE PARTIES

7. Plaintiff Mark Downey is a resident of the Washington, D.C. Metropolitan Area in Northern Virginia. He is a taxpayer, an Industry Expert on Petroleum products, and a former Law Enforcement Forensic Scientist. Plaintiff relies on interstate commerce and retail fuel access for daily operations and personal livelihood, and suffers direct financial injury due to artificial fuel pricing structures during geopolitical crises.

8. Defendant Internal Revenue Service (IRS) and the IRS Commissioner are federal administrative officers responsible for the assessment, collection, and structural oversight of federal fuel excise taxes under Title 26 of the U.S. Code.

9. Defendants All Fifty (50) U.S. State Governors and Five (5) Territory Governors are the chief executive officers of their respective states and territories, vested with emergency executive powers and ultimate structural authority over state-level fuel tax enforcement.

10. Defendants State Fuel Tax Collection Divisions are the state-level administrative departments directly responsible for enforcing and collecting state-level fuel excise taxes on retail and wholesale petroleum products.

11. Defendants Exxon Mobil, Chevron, ConocoPhillips, Valero Energy, Marathon Petroleum, Phillips 66, Shell, BP, TotalEnergies, Saudi Aramco, and Weatherford International (collectively, the "Corporate Petroleum Defendants") are multinational energy corporations engaged in the extraction, refining, distribution, and marketing of petroleum products within the United States and global markets.

## IV. NUMBERED FACTUAL ALLEGATIONS

### A. The 2026 Iran Petroleum Crisis and Domestic Hyperinflation

12. In early 2026, intense geopolitical conflict involving Iran resulted in severe operational blockades and security threats throughout the Strait of Hormuz, a maritime chokepoint responsible for the transit of approximately 20% of the global petroleum supply.

13. As a direct result of this international supply disruption, crude oil prices rapidly surged, creating an immediate, cascading inflationary shock wave across the domestic economy of the United States.

14. The pricing impacts on diesel fuel—the primary energy source powering American long-haul trucking, commercial rail, maritime logistics, industrial manufacturing, and agricultural production—have been catastrophic:

- In February 2026, the national average price for diesel fuel stood at $3.52 per gallon.
- By May 16, 2026, the price spiked to $5.64 per gallon, representing a net increase of $2.12 per gallon and a 60.2% price surge in less than 90 days.

15. Concurrently, the combined average tax burden levied on diesel fuel stands at 59.9 cents per gallon, comprising a fixed federal excise tax of 24.4 cents per gallon and an average state-level excise tax of 35.5 cents per gallon.

16. Commercial jet fuel pricing is subject to a maximum combined federal and state tax burden of 47.2 cents per gallon, featuring a commercial federal rate of 4.4 cents per gallon, a noncommercial rate of 21.9 cents per gallon, and state rates reaching as high as 22.8 cents per gallon (e.g., the State of Arkansas).

17. These elevated tax structures, layered on top of geopolitical market spikes, directly amplify the retail cost of goods, as transportation companies pass fuel overhead to consumer markets via mandatory fuel surcharges. This dynamic inflicts immediate, severe financial injury on the Plaintiff by eroding real purchasing power and inflating basic living expenses.

## B. Unjustified Corporate Windfalls Amid Public Crisis

18. While American consumers face devastating economic strain, the Corporate Petroleum Defendants have captured unprecedented, historic profits driven entirely by geopolitical instability rather than heightened operational efficiency or domestic production capital.

19.    Market analyses for the 2026 fiscal year project staggering crisis-driven earnings among the Corporate Petroleum Defendants, including:

- Exxon Mobil Corporation: Estimated 2026 windfall of $11 billion.
- Chevron Corporation: Estimated 2026 windfall of $15 billion.
- ConocoPhillips: An 84% surge in net profits, climbing from $8.0 billion to $14.72 billion (a net increase of $6.72 billion).
- Saudi Aramco: A 25% surge yielding over $32.5 billion in windfall profits.
- The top 100 global oil and gas firms are projected to accumulate an aggregate windfall of $234 billion, with domestic U.S. firms accounting for $60–$63 billion of that total.

20.    The Corporate Petroleum Defendants have maintained comparatively low, fixed operating costs for pre-existing domestic reserves while maximizing refining margins to shadow international crisis pricing, effectively extracting billions of dollars from the domestic economy during a national crisis.

## C. Failure of Government Coordination and Regulatory Inaction

21.    The Defendant IRS and State Governors possess broad statutory, regulatory, and emergency authorities to manage economic emergencies, yet they have failed to coordinate a unified suspension of regressive fuel excise taxes to stabilize interstate commerce.

22.    The continuous collection of these taxes during an active energy emergency strains critical infrastructure, worsens supply-chain backlogs, and violates the government's constitutional obligation to protect the domestic economy from systemic paralysis under the Commerce Clause.

# V. VALID CAUSES OF ACTION

## COUNT I

(Declaratory and Injunctive Relief Under the Commerce Clause & Supremacy Clause)

*(Against All State Governors and State Fuel Tax Collection Divisions)*

23.    Plaintiff incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

24.    Article I, Section 8, Clause 3 of the United States Constitution (The Commerce Clause) vests Congress with exclusive authority to regulate commerce among the several states. The "Dormant" Commerce Clause restricts states from enforcing tax policies that place an undue burden on national commercial networks or aggravate interstate economic crises.

25.    The persistent collection of independent, uncoordinated state-level fuel taxes amid the 2026 energy crisis has directly crippled interstate trucking, commercial aviation, and nationwide logistics networks, creating an unconstitutional, localized drag on the national economy.

26.    Pursuant to Article VI, Clause 2 (The Supremacy Clause), when a localized economic tax structure actively undermines national economic stability and critical infrastructure protection, federal equitable intervention is necessary to standardize tax policy during an active emergency.

27.    Plaintiff seeks a declaration that the ongoing collection of state fuel excise taxes during this global supply crisis places an unconstitutional burden on interstate commerce, and requests an injunction suspending these collections across all 50 states and 5 territories for the duration of the emergency market stress.

## COUNT II
**(Violation of the Administrative Procedure Act — 5 U.S.C. § 706)**
*(Against Defendant Internal Revenue Service and IRS Commissioner)*

28.    Plaintiff incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

29.    The Administrative Procedure Act (APA) authorizes federal courts to hold unlawful and set aside agency actions, omissions, or enforcement mechanisms found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

30.    The Defendant IRS's continued enforcement of the 24.4 cents per gallon federal diesel tax and corresponding gasoline excise taxes under active crisis conditions—without executing emergency waivers or deploying tax-mitigation frameworks—constitutes an arbitrary failure to safeguard the domestic supply chain.

31.     The IRS has further failed to develop or deploy a centralized regulatory mechanism to capture crisis-driven windfalls from corporate producers and reallocate those funds to consumers, representing an administrative omission that harms the economic welfare of U.S. citizens.

32.     Plaintiff requests an order setting aside federal fuel tax collections during the 2026 crisis period and directing the IRS to transition administrative assets toward consumer relief stabilization.

## COUNT III

(Unlawful Price-Exploitation and Market Distortions under the Sherman Antitrust Act — 15 U.S.C. § 1)

*(Against All Corporate Petroleum Defendants)*

33.     Plaintiff incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

34.     Section 1 of the Sherman Act prohibits any contract, combination, or conspiracy in restraint of trade or commerce among the several states.

35.     The Corporate Petroleum Defendants have leveraged the 2026 Strait of Hormuz crisis to uniformly elevate refining margins, exploit pre-existing domestic reserves, and align retail pricing shifts at the pump that bear no proportional relationship to their underlying domestic production overhead.

36.     This parallel pricing behavior and coordinated capital extraction constitutes an artificial restraint on domestic commerce, creating severe hyperinflation that traps consumer purchasing power and damages downstream markets.

37.     Plaintiff seeks a judicial decree establishing that the Corporate Petroleum Defendants' crisis-driven pricing practices constitute an unlawful exploitation of market conditions, and requests the court invoke its equitable authority to impose a structural Windfall Profits Tax mechanism to return these extracted billions to the public domain.

## COUNT IV
(Application for Writ of Mandamus Pursuant to 28 U.S.C. § 1361)
*(Against Defendant Internal Revenue Service and IRS Commissioner)*

38.    Plaintiff incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

39.    Mandamus is an extraordinary remedy available to compel an officer or agency of the United States to perform a clear, non-discretionary, and vital ministerial duty owed to the public.

40.    Under federal emergency frameworks and national economic stabilization principles, the Defendant IRS owes a fundamental duty to the public to prevent regressive tax collection mechanisms from pushing essential infrastructure into insolvency during a global energy shock.

41.    Plaintiff has a clear legal right to an uncorrupted, stabilized domestic marketplace, has completely exhausted all alternative avenues for immediate regulatory relief, and has no other adequate remedy at law to prevent continuing hyperinflationary injury.

42.    Plaintiff requests this Court issue a Writ of Mandamus compelling the IRS to immediately suspend federal fuel tax assessments and establish the logistical groundwork for an electronic consumer fuel rebate system.

# VI. APPLICATION FOR EMERGENCY TRO & PRELIMINARY INJUNCTION

43.    Plaintiff moves this Court under Federal Rule of Civil Procedure 65 for an immediate Temporary Restraining Order and Preliminary Injunction to halt all federal and state gasoline, diesel, and jet fuel tax collections nationwide.

44.    Likelihood of Success on the Merits: Plaintiff's claims under the Commerce Clause and the APA demonstrate a compelling legal basis: local and federal tax enforcement cannot be executed in an arbitrary manner that breaks down national supply chains and cripples interstate shipping.

45.    **Irreparable Harm:** Without immediate judicial intervention, the 60.2% surge in diesel overhead will cause irreversible financial insolvency for thousands of independent trucking firms, escalate grocery and food production costs beyond sustainable levels, and cause lasting damage to low-income households. Monetary damages post-litigation cannot repair a collapsed supply chain.

46.    **Balance of Equities and Public Interest:** The public interest heavily favors keeping the American logistics network solvent. The federal Highway Trust Fund is consistently supplemented by congressional transfers and will suffer no immediate structural disruption from a temporary tax suspension, whereas the public face immediate economic injury without relief.

# VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

i. Accept formal jurisdiction over this action, and order expedited service of process by the United States Marshals Service upon all named Defendants pursuant to FRCP 4(c)(3) and 28 U.S.C. § 566;

ii. Enter a Declaratory Judgment stating that the ongoing, uncoordinated collection of federal and state fuel excise taxes during the 2026 energy crisis constitutes an unconstitutional burden on interstate commerce and an arbitrary administrative failure under the APA;

iii. Issue an Emergency Preliminary and Permanent Injunction ordering a multi-phase nationwide moratorium and suspension of all fuel taxes across all fifty (50) states and five (5) territories, prioritizing consumer gasoline and long-haul diesel;

iv. Impose an Equitable Windfall Profits Tax on the named Corporate Petroleum Defendants to capture crisis-driven earnings, and authorize the IRS to implement an electronic distribution system to return those funds directly to United States citizens;

v. Award allowable court costs and documented, at-cost litigation-related expenses pursuant to applicable statutory authority, reserving Plaintiff's right to retain specialized legal counsel or technical research assistants should circumstances alter his capacity to proceed *pro se*; and

vi. Grant such additional, alternative, or structural relief as this Court deems just, proper, and necessary to preserve national economic stability.

- Plaintiff, pro se, requests an award of taxable court costs and such litigation-related expenses as may be authorized by applicable law. Plaintiff further reserves the right to retain legal counsel, technical consultants, or other professional assistance should the complexity of the proceedings, personal circumstances, or the interests of justice warrant such representation or support at any stage of this action.
- <u>Plaintiff, pro se, Mark Downey, at this time, seeks NO personal monetary compensation for personal or individual gain.</u>

## CONCLUDING RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Assume jurisdiction over this action;

(b) Enter declaratory judgment regarding the legality and constitutionality of the challenged fuel-tax policies during the alleged national energy emergency;

(c) Grant temporary, preliminary, and permanent injunctive relief as authorized by law;

(d) Order such equitable remedies as the Court deems appropriate to mitigate the alleged economic harms described herein;

(e) Award costs and expenses permitted by law; and

(f) Grant such further relief as the Court deems just and proper.

## VIII. DECLARATION –
## COMMITMENT TO INTEGRITY

Pursuant to 28 U.S. Code § 1746, unsworn declarations are permitted in federal proceedings and are subject to penalties of perjury.
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. I did not intentionally state or misstate any information.

Respectfully Submitted,

Mark Downey, pro se, Plaintiff
Resident of the Washington, D.C. Metro Area, N. Virginia for (60) years
Former Consulting Law Enforcement Forensic Scientist
6-21-2026

*COURT CLERK COPY #0*

LS-Petroleum-Downey-v-US-Governors-US-Cert-Service.docx & .pdf

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

MARK DOWNEY, pro se,
    Plaintiff,

v.

                                        Civil Case No.: _____

U.S. (50) STATE GOVERNORS &
U.S. (5) TERRITORY GOVERNORS,
    et al.,
    Defendants.

### U.S.-NATIONWIDE
### MORATORIUM-SUSPENSION TAX
### ALL GASOLINE-PETROLEUM PRODUCTS
### ALL (50) STATES & U.S. (5) TERRITORIES

### CERTIFICATE OF SERVICE

I certify that on June 1 2026, I caused a true and correct copy to the Clerk of the Court, the foregoing File Documents and related filings to be served by the following method:

Service Process by U.S. Marshalls to Registered Agents of record (furnished)

Proposed, Method Authorized by the Court, via:
**MOTION FOR NATIONWIDE SERVICE OF PROCESS BY THE UNITED STATES MARSHALS SERVICE.**
LS-Petroleum-Downey-v-US-Governors-US-Marshall-Service.docx & .pdf

(file-document names are at the top of each document)

1. **MEMORANDUM OF FILING**
*LS-Petroleum-Downey-v-US-Governors-Cover.pdf*

2. **COMPLAINT**
   *LS-Petroleum-Downey-v-US-Governors-Complaint.pdf*
*Copies -  (3) Judge Panel (3) sets, Court Clerk (1) set, one set Plaintiff*

3. **APPENDIX OF EXHIBITS**
   **(INCLUDING EMBEDDED EXHIBIT SUMMARY)**
   *LS-Petroleum-Downey-v-US-Governors-Appendix.pdf*
*Copies -  (3) Judge Panel (3) sets, Court Clerk (1) set, one set Plaintiff*

4. **MOTION FOR ADA TITLE II COMPLIANCE,**
   **REASONABLE ACCOMMODATIONS,**
   **AND ACCESS TO COURT SERVICES**
   *LS-Petroleum-Downey-v-US-Governors-US-ADA.pdf*
*Copies -  (3) Judge Panel (3) sets, Court Clerk (1) set, one set Plaintiff*

5. **MOTION TO FILE DOCUMENTS UNDER SEAL,**
   **FOR PARTIAL REDACTION,**
   **AND TO FILE PUBLIC REDACTED VERSIONS**
   *LS-Petroleum-Downey-v-US-Governors-Seal-Redact.pdf*
*Copies -  (3) Judge Panel (3) sets, Court Clerk (1) set, one set Plaintiff*

6. **MOTION FOR NATIONWIDE SERVICE OF PROCESS**
   **BY THE UNITED STATES MARSHALS SERVICE**
   *LS-Petroleum-Downey-v-US-Governors-US-Marshals-Service.pdf*
*Copies -  (3) Judge Panel (3) sets, Court Clerk (1) set, one set Plaintiff*

7. **MOTION FOR TEMPORARY RESTRAINING ORDER**
   **PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65**
   **AND REQUEST FOR EXPEDITED EMERGENCY RELIEF**
   *LS-Petroleum-Downey-v-US-Governors-TRO-Rule-65.pdf*
*Copies -  (3) Judge Panel (3) sets, Court Clerk (1) set, one set Plaintiff*

8. **MOTION TO EXPEDITE – EMERGENGY AND REQUEST FOR IMMEDITE JUDICIAL REVIEW**
   *LS-Petroleum-Downey-v-US-Governors-Expedite.pdf*
*Copies - (3) Judge Panel (3) sets, Court Clerk (1) set, one set Plaintiff*

9. **CERTIFICATE OF SERVICE**
   *LS-Petroleum-Downey-v-US-Governors-US-Cert-Service.pdf*
*Copies - copy set court clerk, one set Plaintiff*

**DECLARATION OF PLAINTIFF – COMMITMENT TO INTEGRITY.**
Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and ability.
Respectfully submitted,

Mark Downey, pro se, Plaintiff
Resident of Washington, D.C. Metro Area, N. Virginia for (60) years
Former Consulting Law Enforcement Forensic Scientist
June 1 2026

3 of 3