**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| **MARK DOWNEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 26-cv-01891 (APM)** |
| | ) | |
| **U.S. STATE GOVERNORS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

Pro se Plaintiff Mark Downey filed this action against the Internal Revenue Service; the IRS Commissioner; the governors of all 50 states and five territories; "state fuel tax collection divisions"; and a host of oil and gas companies. Am. Compl., ECF No. 10, ¶¶ 8–11. He asserts several constitutional and statutory claims, each arising from the steep increase in gasoline prices caused by the war against Iran. *See id.* at 9–11. Plaintiff seeks as relief "a multi-phase nationwide moratorium and suspension of all fuel taxes across all fifty (50) states and five (5) territories, prioritizing consumer gasoline and long-haul diesel." *Id.* at 12.

The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992). That is precisely the case here. Plaintiff raises no more than a "generally available grievance" about the continued taxation of gas products

1

during a time of war.  He identifies no injury that is distinct from the public at large.  The court therefore lacks subject matter jurisdiction.[1]

Accordingly, this action is dismissed.  Plaintiff's pending motions, ECF Nos. 18, 19, are denied as moot.  A final, appealable order accompanies this Memorandum Opinion.

Dated:  July 29, 2026

Amit P. Mehta
United States District Judge

---

[1] Even if Plaintiff were to have constitutional and antitrust standing to assert a Sherman Act claim, *see* Am. Compl. at 10–11, he has failed to allege sufficient facts to state a claim.